IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VICTOR MORENO, | |
| Plaintiff, | |
| v. | 2:25-CV-012-Z-BR |
| DONNIE RANDALL, *et al.*, | |
| Defendants. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND DENYING MOTION TO APPOINT COUNSEL**

Before the Court are 1) the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case as frivolous pursuant to 28 U.S.C. Sections 1915(e)(2)(B) (ECF No. 9); and 2) Plaintiff's Motion to Appoint Counsel ("Motion," ECF No. 11). An Objection to the FCR has been filed. ECF No. 10. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. ECF No. 9. Moreover, the Court concludes that Plaintiff does not have a right to appointed counsel in this case. It is therefore **ORDERED** that the FCR (ECF No. 9) is **ADOPTED**, the Motion (ECF No. 11) is **DENIED**, and this case is **DISMISSED with prejudice**.

LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly

objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed this FCR on December 19, 2025. ECF No. 9. Plaintiff's Objection was due fourteen days later on January 2, 2026. FED. R. CIV. P. 72(b)(2). While the Court did not receive Plaintiff's Objection until January 7, 2026, Plaintiff says he wrote the Objection on December 31, 2025. ECF No. 10. Giving Plaintiff the benefit of the doubt, the Court will assume Plaintiff also delivered the Objection to prison authorities on that date. *See Rasberry*, 993 F.2d at 515. Thus, the Court will credit December 31, 2025 as the effective filing date. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not appear to make any specific objections to the Magistrate Judge's FCR. *See generally* ECF No. 10 (merely expressing a desire to "'appeal' this matter"). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's Objection is **OVERRULED**.

Plaintiff's Objection also seems to request appointed counsel. ECF No. 10, 11. But a prisoner-plaintiff does not have a right to appointment of counsel in a civil case. *See Wendell*

*v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998) ("[T]here is no automatic right to appointment of counsel in a civil rights case."). And the Court finds that this case does not present exceptional circumstances that would nonetheless warrant appointment of counsel. Thus, Plaintiff's Motion is **DENIED**.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR (ECF No. 9) is **ADOPTED**, the Motion (ECF No. 11) is **DENIED**, and this case is **DISMISSED with prejudice**.

**SO ORDERED.**

January 23, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3